# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Katherine Alfaro, | No. CV-26-03111-PHX-DJH (CDB) |
| Petitioner, | **ORDER** |
| v. | |
| Todd Blanche, et al., | |
| Respondents. | |

Petitioner challenged her present immigration detention, arguing she is improperly subject to prolonged detention without a bond hearing.  (Doc. 1.)  The Court directed Respondents to respond to the Petition.  (Doc. 4.)  Respondents' response stated:

> Respondents do not oppose the habeas petition to the extent Petitioner requests a bond hearing under 8 U.S.C. § 1226(a) to be afforded due process and opportunity for release. Respondents respectfully request seven days in order to provide Petitioner with a bond hearing.

(Doc. 9.)  The Court accepts this concession as non-opposition to granting Petitioner's habeas corpus petition and granting a bond hearing.  Petitioner specifically argued, however, that because her detention has become prolonged, the Government should be required to bear the burden of proving flight risk and danger at a bond hearing. Respondents did not address whether Petitioner's detention has become prolonged or who should bear the burden of persuasion at a bond hearing.  In so doing, Respondents have waived any challenge to Petitioner's claim that the Government should bear the burden of

persuasion. *United States v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997) ("[B]ecause this argument was not coherently developed in his briefs on appeal, we deem it to have been abandoned."). Further, because Petitioner has been in immigration detention since October 30, 2025, the Court finds Petitioner's detention has become prolonged and therefore will direct Petitioner be provided a bond hearing that complies with the procedural requirements set out in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011).

**IT IS THEREFORE ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** to the extent it seeks a bond redetermination hearing. The Petition is otherwise **denied**.

**IT IS FURTHER ORDERED** Respondents must provide Petitioner a bond redetermination hearing that complies with the procedural requirements set out in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), within **seven (7) days of the date of this Order,** or release Petitioner from custody under the same conditions that existed before her detention.

**IT IS FURTHER ORDERED** Respondents must provide a notice of compliance within **three (3) days** of releasing Petitioner or providing him a bond hearing. **If applicable, that notice must include the result of the bond hearing.**

**IT IS FURTHER ORDERED** any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 4th day of June, 2026.

Honorable Diane J. Humetewa
United States District Judge